UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH P. STANISLAW, Individually
and d/b/a Grand Auto Plaza and
LARRAINE M. STANISLAW,

        Plaintiffs,

v.                                          Case No. 09-10256
                                             HONORABLE DENISE PAGE HOOD

THETFORD TOWNSHIP, a Michigan
Municipal Corporation, LUTHER
HATCHETT, Individually and in his
official capacity as Thetford Township
Supervisor, MARC ANGUS, Individually
and in his official capacity as Thetford
Township Building Inspector, and
THOMAS KULCHER, Individually
and in his official capacity as Thetford
Township Enforcement Officer, Jointly
and Severally,

        Defendants.
_____/

ORDER DENYING PLAINTIFFS' MOTION
FOR RECONSIDERATION OF ORDER DATED OCTOBER 14, 2010

      On October 9, 2009, Defendants filed a Motion for Summary Judgment.  In an Order dated October 14, 2010, the Court granted Defendants' Motion for Summary Judgment.  This matter is before the Court on Plaintiffs' Motion for Reconsideration **[Docket No. 19, filed on October 28, 2010]**.

      The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served no later than fourteen (14) days after entry of such order.  E.D.

Mich. LR 7.1(h)(1).  No response to the motion and oral argument thereon shall be allowed unless the Court, after filing of the motion, otherwise directs. E.D. Mich. LR 7.1(h)(2).  The Local Rule further states:

> (3)   Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

Plaintiffs argue that the Court reached the wrong conclusions in its Order dated October 14, 2010 due to a mischaracterization of the claims by Defendants, that the conclusions contain palpable defects, and that correcting those defects will result in a different disposition of the case. Specifically, Plaintiffs argue that the Complaint fails to allege a takings claim, therefore the Court erred in analyzing any of Plaintiffs' claims as a takings claim.  Based upon Plaintiffs argument that there is no takings claim but a due process claim, Plaintiffs also contend that there was no need for them to exhaust state remedies before bringing claims in federal court.  Plaintiffs then state that there is a genuine issue of material fact for the trier of fact as to whether and why Plaintiffs were treated differently from other auto dealers.

First, Plaintiffs argue that the Complaint does not allege a takings claim and, therefore, the analysis in the opinion characterizing it as such is incorrect and led to incorrect outcomes. However, Plaintiffs' Complaint does allege a takings claim.  A "takings claim" has been defined as the "wrongful taking of property without just compensation." *See Stockler v. City of Detroit*, 936 F.2d 573 (6th Cir. 1991) (table).  The Complaint submitted by Plaintiffs states,

> "Defendants provided no effective method to review the decision to summarily

> terminate Plaintiffs' opportunity to conduct an on-going business enterprise for which they had supported themselves for decades prior to the *wrongful takings* of the Defendants... for which the Plaintiffs seek *compensation* for their injury and damage."

(Comp. ¶ 29) (emphasis added).  The injuries involved all relate back to the alleged wrongful takings of the property.  Plaintiffs must exhaust all state remedies before proceeding to the federal courts.

Second, Plaintiffs argue that they may bring forth a procedural due process claim without exhausting state remedies, because this is not a takings claim. Since it is clear that the injuries are related to a takings claim, the procedural due process claim fails for the reasons already discussed by the Court in the October, 14, 2010 Order.

Third, Plaintiffs argue that the equal protection claim involves a question of fact that requires a jury trial.  Plaintiffs merely reiterate their earlier argument.  The Court has already considered Plaintiffs' arguments and found that they failed to establish a suspect class to which they belong and failed to establish facts to support such allegations.  Order, at 10.

Accordingly,

**IT IS ORDERED** that Plaintiffs Joseph P. Stanislaw, individually and d/b/a Grand Auto Plaza and Larraine M. Stanislaw's Motion for Reconsideration **[Docket No. 19, filed on October 28, 2010]** is **DENIED**.

3

**IT IS FURTHER ORDERED** that the Defendants' Motion for Leave to File Response to Motion for Reconsideration [**Docket No. 20, filed on November 15, 2010** ] is **DENIED**.

s/Denise Page Hood
United States District Judge

Dated: August 11, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 11, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager